Our next case, oh my, my goodness, what have you done? You've emptied out the courtroom. Yes, your honor, it's a criminal case. They're coming back. Not to worry, they're all coming back. Oh yeah, okay. Oh, he kept his fan club outside. 1438 13 United States v. Iaad Hamad and Mr. Kennedy. Yes. Good morning. Good morning. Still May it please the court. This is a case that presents two issues. The first issue is whether a convenience store is a closely regulated industry. And the other issue is that if it is held to be a closely regulated industry, well, does the Cook County tax code for cigarette inspection meet the requirements of having an adequately defined scope of the inspection and limit the discretion of the inspectors? And this all comes about because a man had a convenience store on the west side and it gets checked by the city of Chicago inspectors. And they find a gun, some pills, and a magazine for a gun under a floorboard near the cash register. Mr. Kennedy, if Mr. Hamad ran a cigarette store that sold primarily tobacco products, would you then concede that the business was closely regulated? No, your honor, I wouldn't. And the reason is that there has to be the tax law has to be sufficiently unique to take his business out of the normal sequence of businesses so that he would understand as a person having a store selling mostly cigarettes that he doesn't have the normal expectation of privacy, that he's only got a limited expectation of privacy. So you would concede that the business was closely regulated? I would not. You would not? As to a business that's, if it's just selling cigarettes and other things. And the reason is that everybody pays tax. And this is a tax ordinance that's leading to the manufacture of cigarettes. It's not compliance with whatever the requirements are as to nicotine and so on. This is purely a tax ordinance. And it's a county tax ordinance. But tobacco has always been so closely regulated in tax. Yes, it's, I'm not, if we were dealing with the tobacco industry, I would say yes, it's closely regulated. We're dealing with a convenience store. Tobacco is one of the many things that's sold in the store. It's similar to, well, it's not a CVS, it's not a Walgreens, but it's a Westside convenience store, 3800 West in the city of Chicago. It's got other things than tobacco there. Are you asking us to invalidate the ordinance or just the search? Well, the search, Your Honor. And I realize the way I wrote this. Just the search? Yes. The way I wrote this brief, it sounds like I'm asking to hold the ordinance unconstitutional. I am asking to suppress the evidence based on that the ordinance does not sufficiently provide Fourth Amendment protection to even a store owner, which is a protection against unreasonable search and seizure. And what happens in this case is that the search, I mean, I recognize there is a tension between the Fourth Amendment and the right of the government to make inspections of heavily regulated industries. There's that tension. Because on the one hand, there isn't supposed to be a search without probable cause. And yet, on the other hand, under the ordinance, there can be a search because a certain kind of industry is involved or being undertaken. And when one looks at this case, though, and the language, moving to the language of the ordinance, the ordinance is so broadly written and what was done was so extreme a search in Mr. Hammad's store that it was a denial of any kind of constitutional protection against unreasonable search. Well, now I think I hear you saying that you are asking us to invalidate the ordinance. Well, I guess I would have to say that, yes, I am saying the ordinance is not, not constitutional. That's my position. Even if the ordinance could, can be read literally to allow cigarette inspection outside of regular business hours, I think I'm correct that this search did occur during business hours, right? Yes, you are correct. And we generally read statutes narrowly if it's necessary to preserve them, right? Yes. So while the search may have been during, was during business hours, there are other defects in it, which it's, it gives the right to search for inventory on any premises. Now, the way this inspection occurred is that the inspectors went in and they, they see the cigarettes that are out there and they bring no, they found those are illegal, so fine. But then what they do is they launch into a very extensive search of the convenience store. They go into a stack. More cigarettes. Well, yes, Your Honor, but they're looking where there aren't going to be cigarettes. Well, how do you know? Because it doesn't make any sense. It doesn't have to make sense. Well, I thought about that for a bit, Your Honor. If one goes into a stack of t-shirts, there is not going to be an inventory of cigarettes within a stack of t-shirts. When you're violating the law, you don't use those niceties. Don't set them out where people can see whether you put them where they can't be seen. I can take it even further. Suppose the inspector did have the right to go through each and every t-shirt to reach within. Well, she finds a velvet bag that we later learn contains a gun. Well, once she finds that velvet bag, once she finds that it's hard, I believe she describes a handle. She doesn't describe any cigarettes. What you want to do is restrict this. Yes, Your Honor. I'm saying the scope of the search far exceeded what the inspectors could do because the cigarette package doesn't come with a gun handle on it. Yes, but there may be cigarette packages in a place where there's a gun handle. Well, when one carries the argument too far, I would say to the court's example, that the court is carrying it to an extreme that is beyond what can be expected in real life. And the example that I thought of, or one of them, is the inspectors can look for inventory on any premises. OK, so smoking's not as widespread as it used to be. But if some guy goes home and he has two packs of cigarettes, one to smoke today and one to smoke tomorrow, he's got an inventory. That means, under this ordinance, that the Chicago County cigarette inspectors can enter his home and look and see if there's tax stamps on those. The ordinance is so wildly- I don't think it's that broad, but go ahead. I believe a reasonable reading of the statute is that broad because it's inventory. At first, I was thinking, well, inventory can only be a store. And I thought, well, what am I talking about? Inventory is a supply. So it could be. Suppose the guy has a carton of cigarettes in his house. That's inventory. You're in your rebuttal now. It may be a saving grace, but go ahead. And the other thing I would like- two things I would like to mention directly, which is that Marshall v. Barlow talked about OSHA's inspection of a hardware store to see whether the employees were being adequately taken care of, no dangerous conditions. The court described that as an overbroad claim for the government to say the hardware store is a closely regulated business. I'm drawing a parallel with that. The other thing I'd like to say is that the scope of the inspection is only as broad as necessary. That's what's allowed. And the case supporting that proposition is Lesser v. Esprit, the Rabbit Farm case. Thank you. Wow, thank you very much. Okay. Good morning, Mr. Thale. How are you? Good morning, Judge. I'm going to- Keep going the other way. Yeah. Sorry you didn't bring your friend. He's sorry, too. May it please the court. My name is Yusef Thale. I represent the government in this case, the appellee. This court respectfully should affirm the district court's denial of defendant's motion to suppress the authority for the search for the warrantless inspection was the Cook County Ordinance. And as the district court reasonably pointed out and reasonably found, that statute, that warrantless inspection statute, fit within the Berger test. That is to say, Your Honors, first of all, the statute governs a closely regulated industry. The industry here is the tobacco and cigarette industry. That is the subject and object of the statute. It is not convenience stores. As the district court pointed out, cigarettes has been long subject to oversight and government regulation, government, and the long tradition of government oversight in general. And so somebody entering that industry to sell cigarettes can certainly expect that their reasonable expectation of privacy is lessened. And as a result of that, it is closely regulated and therefore fits within the Berger test, at least that first prong, Your Honors. Is there any limit to places within the business that revenue agents may search? Because it seems that opening a jar of pills or prying up a floor board or opening a cloth bag under a pile of t-shirts is beyond what is necessary to inspect packages of cigarettes for tax stamps. If the search goes beyond cigarette products that are readily visible in the store, why not require a warrant? Your Honor, that brings up several issues. Number one, I'd be remiss if I didn't first say that I was very surprised to hear defense counsel's argument. I didn't see that anywhere in the brief or anywhere. So I think I need to say as a matter of law that he has certainly weighed that by not raising in his brief the fact that the inspectors acted beyond the scope of the statute. I will say, secondly, Your Honor, to the substance of the question, in this case, when the inspector first got back, first of all, when they did an undercover, and so they all, they first, before they even went back there, they knew that, or they had a reason to believe that there were cigarettes without the stamp. When they first went back there, the first thing they saw was a package of cigarettes without a stamp. This area that they were in, Your Honor, is a pretty close area. There's a cash register. A couple of feet behind the cash register is the counter space where certain items are kept. And so I think reasonably, cigarette inventory can be kept anywhere behind that counter area. So when they were behind that counter area, I think all that is fair game for inspection of cigarette inventory, because the inventory was kept behind that counter area, and the they were when they conducted this inspection. I mean, in what way does the ordinance limit the search, or limit the scope of the search? For an item as small as cigarettes, would you argue that revenue agents could look everywhere? I mean, I understand that it is illegal to sell cigarettes individually as opposed to by the PAC. Does that mean that revenue agents can look anywhere a single cigarette could be hidden? See, what I'm trying to get at is, what authorized them to pull up the floorboards? I understand Your Honor's concern. In or upon any premises is the language of the statute, where cigarettes are stored, sold, or possessed. And the premises at that point in time, as evidenced by the undercover buy, was behind that counter area. And behind that counter area is a place where cigarettes can be possessed, sold, or stored from. And so, that area we would contend is fair game for the search. I do realize they pulled up the floorboard. That I should point out, and it just came to me, that that's not, of course, where the gun was found. The gun was found on the counter right behind. So, there was, what was found under that floorboard was not a subject of the indictment or of the trial. It certainly didn't have any impact directly on this case. Is taxing the same as regulating, or are cigarettes regulated in some other manner by the county in addition to taxing? The reason I ask that is because every store sells taxed goods. So, can the state pass a law authorizing revenue agents to pull up floorboards without a warrant to ensure that Walmart, for example, is paying its taxes? It's paying its taxes on... See, I'm trying to figure out if taxing is the same as regulating. I would say yes, Your Honor. Yes, regulation regulates... Taxing is... I mean, there's... Sort of an unfair question, but that's why I'm here. Yes, I think taxing is... There's regulatory... I mean, IRS passes rules and regulations. I think taxing is, generally speaking, regulation. I do believe that that's the case. And it's certainly comparable to alcohol in that sense. And of course, the court in 1970, in the Kalani Catering Court, treated alcohol very similarly to what... In fact, in that case, it was a tax statute. It was a Title 26 statute that was at issue. And in that case, the court said, this is heavily... It has a long tradition of government oversight and regulation. So I think taxing is... But I think it does, Your Honor, depend on what the item is as well. Taxing of cigarettes and taxing of items that have the long tradition of government oversight. I think it matters what the tax is. I do think that that matters, maybe more so than the regulation itself. But what it regulates is probably more probative, I think, under the Supreme Court's analysis. They've talked about guns in 1972, talked about the Mining Act, and Donovan v. Dewey in 1982. So I think it probably more depends on what's being taxed, or inspected, or what the subject or the object of the taxation is. I don't know what my time is. So if the court could help me with the time, if I run over my time. I think you have three minutes left. So to quickly jump, Your Honor, to the discretion of the inspectors quickly. The scope was limited to cigarette inventory. And so, again, the Supreme Court has repeatedly said that constitutes a proper scope. When the thing that is supposed to be inspected is limited, and it's limited to time, we interpret it to mean during regular business hours. And the district court, more importantly, did not commit any plain error when it determined that the time, the scope, and the place was limited. And so with those two prongs being met, the first prong being closely regulated, the second prong being reasonableness, or specifically the third prong, the government asked that this court affirm the district court's order denying that motion to suppress, as the district court did not commit any plain error in any of its decisions. If the court has no more questions, government. Do you have any further questions? Thank you. No. Okay. Thank you so much, Mr. Stahel. Thank you. Thank you, Your Honor. Okay. Mr. Kennedy, you do have some time. One minute. Oh, my dear. Thank you. Don't clear your throat. Yes, I'm out of time. I would like to first mention that there is a issue number two raised in my brief, which expressly addresses scope. So that issue, appellant has not waived. As far as I think one thing that should be mentioned now is criteria for warrantless inspection, which is a substantial government interest. So it's not just that it's taxed, but there has to be something substantial that's in the government interest. So every store pays taxes. And I think that was a very interesting point to raise. The warrantless inspection that's allowed by an ordinance must be necessary. Well, in this case, an ex parte warrant could be obtained. And the statute's program must provide adequate substitute for a warrant. And my whole argument is that this ordinance is not an adequate substitute for a warrant. It's a blind, open instruction to the Cook County inspectors to search every nook and cranny, regardless of whether cigarettes might be there. Thank you. Thank you so much. And Mr. Kennedy, you were appointed. Yes. Thank you very much. You really have the thanks of the court for taking on this task. And thanks a lot. And Mr. Dale, we always thank the government for coming. What would we do without the government? All right. We wouldn't get paid for one thing, would we? That's for sure. OK. The case is going to be taken under advisement, of course. And thanks a lot. What an interesting day, huh? It depends on your point of view, I suppose.